IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL K. CHESTANG,
TIFFANY VIGIL,

        Plaintiffs,                No. 2:11-cv-00989-MCE-KJN

    vs.

YAHOO INC., in official capacity,

        Defendant.             ORDER

_____/

        Plaintiff Daniel K. Chestang[1], a prisoner proceeding pro se, has filed a civil action alleging copyright infringement by defendant Yahoo! Inc. (Dkt. Nos. 2, 5)[2] and an Application to

---

[1] Although she is a named plaintiff in the caption of the operative pleading (Dkt. No. 5), plaintiff Tiffany Vigil has not signed the pleading, has not provided the Clerk of the Court with her address for service of court documents, and has not filed a request to proceed in forma pauperis. Accordingly, this order will make reference to "plaintiff," singular, and refer solely to plaintiff Daniel Chestang.

[2] Plaintiff has filed two slightly different documents styled as his "Copyright Infringement Civil Law Suit": one on April 13, 2011 (Dkt. No. 2), and one on May 10, 2011 (Dkt. No. 5). Plaintiff may have only one operative pleading at any given time. Because these two filings (Dkt. Nos. 2, 5) are substantively similar, however, the court will construe the latter of the two to be an amended pleading. Accordingly, the filing at Docket Number 5 is construed as the operative pleading and addressed within this order.

1

1   Proceed In Forma Pauperis (the "Application") (Dkt. No. 17) pursuant to 28 U.S.C. § 1915 and a
2   court order. (Dkt. No. 6.)  Currently pending before the court is plaintiff's Motion to Proceed In
3   Forma Pauperis. (Dkt. Nos. 25-26.)  For the reasons stated below, the undersigned grants
4   plaintiff's application to proceed in forma pauperis, but dismisses the complaint without
5   prejudice. The undersigned grants plaintiff leave to file an amended complaint. Finally, the
6   undersigned denies defendant Yahoo! Inc.'s ("defendant" or "Yahoo!") pending Motion to
7   Dismiss (Dkt. No. 12) as moot, as that motion addresses what is now an inoperative pleading.

8   I.      Application to Proceed In Forma Pauperis

9          Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.
10  § 1915. (Dkt. Nos. 25-26.)  Plaintiff has submitted a declaration that makes the showing required
11  by 28 U.S.C. § 1915(a). (Id.)  Accordingly, the request to proceed in forma pauperis is granted.

12         Plaintiff is nonetheless required to pay the statutory filing fee of $350.00 for this
13  action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial
14  partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order,
15  the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's
16  prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be
17  obligated to make monthly payments of twenty percent of the preceding month's income credited
18  to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency
19  to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the
20  filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

21  II.     Screening of the Complaint

22         The determination that a plaintiff may proceed in forma pauperis does not
23  complete the required inquiry. The court is also required to screen complaints brought by parties
24  proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Calhoun v. Stahl, 254 F.3d
25  845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not
26  limited to prisoners."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See also Lopez, 203 F.3d at 1126-27 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). A complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to relief that is plausible on its face.'" See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949). The court accepts "all facts alleged as true and construes them in the light most favorable to the plaintiff." County of Santa Clara v. Astra USA, Inc., 588 F.3d 1237, 1241 n.1 (9th Cir. 2009). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez, 203 F.3d at 1130-31.

Upon review of the complaint, the undersigned will dismiss the complaint for

failure to comply with the pleading standards described above.  However, plaintiff will be granted leave to file an amended complaint.

Plaintiff's complaint alleges copyright infringement.  (Compl., Dkt. No. 5 at 2.) Plaintiff alleges few facts to support this claim.  Plaintiff alleges that defendant committed an "[i]nfringement violation of the Original Expression 'LUMINOUS LYRICS.'"  (Compl. at 1.) Plaintiff alleges that "the Original Expression LUMINOUS LYRICS was Authored and Developed by Mr. Daniel K. Chestang, and registered by Tiffany Vigil with Go.Daddy.Com, was illegally used by the Defendant who generated revenue by selling ringtones which violate Federal Copyright Act of 1976."  (Id. at 1.)  Plaintiff alleges "that the Defendant illegally extracted the Original Expression from a peer to peer filing system shared between Go.Daddy.Com and Yahoo INC and is generating revenue without permission."  (Id. at 2.)  The remaining approximately 65 pages of plaintiff's complaint are various attachments, but no further factual allegations are made.

Plaintiff's scant factual allegations do not provide sufficient notice of the conduct that forms the basis of his claims for relief.  "To establish to establish infringement of a copyright, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); accord Benay v. Warner Bros. Entertainment, Inc.,607 F.3d 620, 624 (9th Cir. 2010); Four Navy Seals v. Associated Press, 413 F.Supp.2d 1136, 1148 (S.D. Cal. 2005) (granting a motion for a more definite statement where complaint failed to put defendants on notice of "exactly which works" as well as when the works were registered.)

While plaintiff's complaint alleges that defendant is "selling ringtones," the complaint is silent in several crucial respects.  (Id. at 1.)  Plaintiff does not clearly define the "Original Expression" that forms the basis of his claim.  Plaintiff must, at a minimum, identify the copyrighted material at issue with specificity sufficient to put defendant on notice of what he claims was infringed.  See Feist Publications, Inc., 499 U.S. at 361; Benay, 607 F.3d at 624; Four

1  <u>Navy Seals</u>, 413 F.Supp.2d at 1148.  Plaintiff has alleged only that defendant "illegally used" the
2  "Original Expression LUMINOUS LYRICS" and is "generating revenue" by "selling ringtones."
3  (Comp1. at 1-2.)  Plaintiff fails to explain what "Luminous Lyrics" is, or how selling the
4  ringtones violated the copyright.  While an exhibit to plaintiff's complaint indicates that
5  "Luminous Lyrics" is a collection of song lyrics; assuming this assertion is correct, plaintiff does
6  not identify which particular lyrics were allegedly used in the ringtones, fails to identify the
7  ringtones themselves, and fails to indicate where or when the ringtones were sold.  (<u>See</u> <u>id.</u>)
8  There are no allegations describing the copyrighted material, how defendant allegedly used that
9  material, or when the use(s) occurred.  While plaintiff alleges that defendant "extracted" the
10 "Original Expression" from a peer to peer filing system, plaintiff does not allege how or when
11 such "extraction" occurred.
12         Based on the foregoing, the undersigned dismisses plaintiff's complaint, but
13 grants plaintiff leave to amend his pleading to address the deficiencies noted above.  Plaintiff has
14 the responsibility to allege facts to state a plausible claim for relief.  <u>Iqbal</u>, 129 S. Ct. at 1949;
15 <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The court does "not necessarily
16 assume the truth of legal conclusions merely because they are cast in the form of factual
17 allegations."  <u>Paulsen</u>, 559 F.3d at 1071 (citations and quotation marks omitted).  However,
18 plaintiff will be granted leave to file an amended complaint that complies with Rule 8 and
19 corrects the deficiencies addressed herein.  <u>Lopez</u>, 203 F.3d at 1126-27 (district courts must
20 afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).
21 Should plaintiff choose to file an amended complaint, he shall <u>clearly set forth the factual</u>
22 <u>allegations</u> against each such defendant.[3]
23         Additionally, plaintiff is informed that the court cannot refer to prior pleadings in

---

[3] To clarify precisely who is prosecuting this civil action, the amended pleading should either contain the signature of plaintiff Tiffany Vigil, or should omit Ms. Vigil as a named plaintiff if she is not actually participating in this action.

5

order to make an amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself.  This requirement is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent.").  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.  Defendants not named in an amended complaint are no longer defendants.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment the original pleading no longer performs any function and is "treated thereafter as non-existent." Id. "If a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is deemed to have waived any error in the ruling dismissing the prior complaint."  New York City Employees' Retirement System v. Jobs, 593 F.3d 1018, 1024-25 (9th Cir. 2010).

        The undersigned cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed.  See Fed. R. Civ. P. 41(b); Local Rules 110, 183(a); see Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

        Finally, defendant has filed a "Motion to Dismiss Plaintiff's Complaint For Copyright Infringement, Or In The Alternative, For A More Definite Statement."  (Dkt. No. 12.)  The court took that matter under submission during the pendancy of plaintiff's IFP application.  (Dkt. No. 21.)   It appears defendant filed this motion even though service of process was never effectuated upon it; if such service was effectuated, the court's electronic docket does not reflect that fact.  In any event, because the undersigned has dismissed plaintiff's complaint (Dkt. No. 5)

6

with leave to amend, defendant's motion addresses what is now an inoperative pleading and is therefore denied as moot.  Of course, defendant remains free to file a subsequent responsive pleading, including a motion to dismiss, addressing the amended pleading plaintiff may file in response to this order.  Given plaintiff's status as a litigant proceeding in forma pauperis, however, such amended pleading will first need to be screened by the undersigned.  Thereafter, should the pleading surpass the screening phase, the United States Marshall will be ordered to effectuate service of that pleading upon defendant.

        For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's application for leave to proceed in forma pauperis (Dkt. Nos. 25-26) is granted;

2. As a prisoner proceeding pro se in this civil action, plaintiff is obligated to pay the statutory filing fee of $350.00.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Solano County Sheriff's Office filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to amend; and

4. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that is complete in itself.  The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

////
////
////
////

5. Because the undersigned dismisses plaintiff's complaint (Dkt. No. 5) with leave to amend, defendant's Motion to Dismiss (Dkt. No. 12) addresses what is now an inoperative pleading and the motion is therefore denied as moot.

IT IS SO ORDERED.

DATED: September 27, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE