1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANIEL K. CHESTANG, et al.

11            Plaintiffs,                         No. 2:11-cv-00989-MCE-KJN PS

12        vs.

13   YAHOO INC.,

14            Defendant.                          ORDER

15   _____/

16            The undersigned previously granted plaintiff Daniel K. Chestang's ("plaintiff")[1]

17   application to proceed in forma pauperis, screened plaintiff's complaint alleging copyright

18   infringement by defendant Yahoo! Inc. ("defendant" or "Yahoo"), dismissed the complaint

19   without prejudice, and provided plaintiff with leave to file an amended complaint.[2]  (See Order,

20   Sept. 28, 2011, Dkt. No. 27.)  Plaintiff, a prisoner proceeding without counsel and in forma

21   pauperis, timely filed an amended pleading (hereinafter "Second Amended Complaint" or

22   "SAC") (Dkt. No. 33).

23

24        [1] Given that motions and pleadings bear only Mr. Chestang's signatures, the undersigned
     shall refer to plaintiff Daniel Chestang and plaintiff Tiffany Vigil collectively as the "plaintiff."
25

26        [2] This case proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

Although the undersigned had not ordered the service of plaintiff's pleading upon Yahoo following an analysis of the pleading in accordance with 28 U.S.C. § 1915(e)(2)(B), Yahoo nevertheless filed a Motion to Dismiss the SAC ("Motion").  (Mot. to Dismiss, Dkt. No. 35.)  Defendant also filed a supporting Request for Judicial Notice ("RJN").  (RJN, Dkt. No. 41.)  In response to defendant's Motion, plaintiff filed an opposition brief ("Opposition").  (Opp'n, Dkt. No. 38.)  Defendant filed a reply brief in support of its Motion.  (Reply, Dkt. No. 40.)  Because defendant's Motion has been fully briefed and because plaintiff has filed a written opposition thereto, this order will address the bulk of that Motion notwithstanding the fact that the complaint has not yet been screened pursuant to 28 U.S.C. § 1915(e)(2).  Such screening requiring analyzing whether the pleading states a claim for which relief can be granted, coincides with the analysis required for defendant's pending Motion, which urges dismissal pursuant to Federal Rule 12(b)(6).  Accordingly, the below analysis serves both to screen the SAC and to address defendant's Motion pursuant to Rule 12(b)(6).

In screening plaintiff's SAC pursuant to 28 U.S.C. § 1915(e)(2), and in considering defendant's arguments under Federal Rule 12(b)(6), the undersigned finds that plaintiff's SAC fails to state a claim for violation of the Copyright Act, 17 U.S.C. §§ 101 and 102(a)(5).  However, because some statements made in plaintiff's Opposition suggest that plaintiff may have intended to allege a trademark claim instead of a copyright claim, the undersigned will give plaintiff one more opportunity to amend his pleading.

Finally, there are two other motions currently pending in this action: plaintiff's "Motion to Request Judgment and Relief" (Dkt. No. 43); and a document entitled  "Motion to Amend Motion to Request Ruling Due To Newly Discovered Evidence" (Dkt. No. 44).  The undersigned resolves each pending motion below.

I.      BACKGROUND

Plaintiff filed one complaint for "Copyright Infringement" (Dkt. No. 2) when he initiated this action, filed an amended complaint for "Copyright Infringement" about a month

1   later (Dkt. No. 5), and, in response to the undersigned's order dismissing that amended pleading

2   without prejudice (Dkt. No. 27), filed another amended pleading for "Copyright Infringement"

3   (erroneously styled as a "Second Amended Petition for Writ of Habeas Corpus") (SAC, Dkt. No.

4   33).  Plaintiff's SAC is the pleading addressed herein.

5          Defendant previously moved to dismiss plaintiff's second pleading (Dkt. No. 12),

6   and the undersigned denied the motion as moot following dismissal of that pleading pursuant to

7   28 U.S.C. § 1915(e)(2).  (Order, Dkt. No. 27.)  Although the undersigned did not order service of

8   plaintiff's pleading upon defendant, defendant again moved to dismiss plaintiff's most recent

9   pleading, the SAC.  (Mot. to Dismiss, Dkt. No. 35).  It is not clear whether plaintiff served

10  defendant with process despite his in forma pauperis status.

11  II.     LEGAL STANDARDS

12          The court is required to screen complaints brought by parties proceeding in forma

13  pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

14  2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed

15  pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of

16  poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on

17  which relief may be granted, or the action seeks monetary relief against an immune defendant.

18          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

19  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

20  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous if that claim is based on

21  an indisputably meritless legal theory or if the factual contentions are clearly baseless.  Neitzke,

22  490 U.S. at 327.

23          In assessing whether a plaintiff's complaint fails to state a claim on which relief

24  can be granted, the court adheres to the "notice pleading" standards.  See, e.g., Paulsen v. CNF,

25  Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  The notice pleading standards are codified, in part, in

26  Federal Rule of Civil Procedure 8(a), which provides:

1
2

      **(a) Claim for Relief.**  A pleading that states a claim for relief must contain:

3
4

        **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

5

        **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and

6
7

        **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

8       Additionally, a complaint should be dismissed for failure to state a claim if, taking

9 all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to

10 relief that is plausible on its face.'"  See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th

11 Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "'A claim has facial

12 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

13 inference that the defendant is liable for the misconduct alleged.'"  Caviness v. Horizon Cmty.

14 Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949).  The

15 court accepts all of the facts alleged in the complaint as true and construes them in the light most

16 favorable to the plaintiff.  Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).  The court is

17 "not, however, required to accept as true conclusory allegations that are contradicted by

18 documents referred to in the complaint, and [the court does] not necessarily assume the truth of

19 legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559

20 F.3d at 1071 (citations and quotation marks omitted).  The court must construe a pro se pleading

21 liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in

22 the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that

23 the plaintiff can correct the defect.  See, e.g., Lopez, 203 F.3d at 1130-31.

24       In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may

25 generally consider only allegations contained in the pleadings, exhibits attached to the complaint,

26 and matters properly subject to judicial notice."  Outdoor Media Group, Inc. v. City of

1    <u>Beaumont</u>, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  The court

2    may take judicial notice of matters of public record, but "may not take judicial notice of a fact

3    that is 'subject to reasonable dispute.'"  <u>Lee v. City of L.A.</u>, 250 F.3d 668, 689 (9th Cir. 2001)

4    (citing Fed. R. Evid. 201(b)).[3]  Although the court may not consider a memorandum in

5    opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6)

6    motion, <u>see</u> <u>Schneider v. Cal. Dep't of Corrections</u>, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it

7    may consider allegations raised in opposition papers in deciding whether to grant leave to amend,

8    <u>see</u>, <u>e.g.</u>, <u>Broam v. Bogan</u>, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

9    III.    DISCUSSION

10          A.    <u>Prior Pleading Dismissed</u>

11                  The undersigned previously dismissed plaintiff's pleading on grounds that it failed

12   to include factual allegations to plausibly support a claim of copyright infringement and failed to

13   give defendants notice of the claim against them.  As the undersigned's order explained, plaintiff

14   cryptically alleged that defendant committed an "[i]nfringement violation of the Original

15   Expression 'LUMINOUS LYRICS.'"  (Order, Dkt. No. 27 at 4-5.)  The undersigned specifically

16   discussed plaintiff's prior allegation that "the Original Expression LUMINOUS LYRICS was

17   Authored and Developed by Mr. Daniel K. Chestang, and registered by Tiffany Vigil with

18   Go.Daddy.Com, was illegally used by the Defendant who generated revenue by selling ringtones

19   which violate Federal Copyright Act of 1976."  (<u>Id.</u>)  The prior order also noted that plaintiff

20   alleges "that the Defendant illegally extracted the Original Expression from a peer to peer filing

21   system shared between Go.Daddy.Com and Yahoo INC and is generating revenue without

22   permission."  (<u>Id.</u>)  The undersigned also explained that, while plaintiff attached approximately

23   65 pages of exhibits to the complaint, no further factual allegations were made.  (<u>Id.</u>)

24   _____

25          [3]  Defendant requests that the court take judicial notice with respect to three documents.
     (RJN, Dkt. No. 41.)  The undersigned denies defendants' request for judicial notice without
26   prejudice, as the undersigned did not find it necessary to reply upon any additional materials in
     resolving the pending motion.

1    The undersigned previously informed plaintiff that "scant factual allegations do

2    not provide sufficient notice of the conduct that forms the basis of his claims for relief." (Id.

3    (citing Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); accord Benay v.

4    Warner Bros. Entertainment, Inc.,607 F.3d 620, 624 (9th Cir. 2010); Four Navy Seals v.

5    Associated Press, 413 F. Supp. 2d 1136, 1148 (S.D. Cal. 2005) (granting a motion for a more

6    definite statement where complaint failed to put defendants on notice of "exactly which works"

7    were infringed upon as well as when the works were registered).)  The undersigned's prior order

8    explained that, while plaintiff's complaint alleges that defendant is "'selling ringtones,' the

9    complaint is silent in several crucial respects . . . Plaintiff does not clearly define the 'Original

10   Expression' that forms the basis of his claim.  Plaintiff must, at a minimum, identify the

11   copyrighted material at issue with specificity sufficient to put defendant on notice of what he

12   claims was infringed." (Id. (citing Feist Publications, Inc., 499 U.S. at 361; Benay, 607 F.3d at

13   624; Four Navy Seals, 413 F. Supp. 2d at 1148).)  The undersigned's prior order explained that

14   plaintiff has alleged only that defendant "illegally used" the "Original Expression LUMINOUS

15   LYRICS" and is "generating revenue" by "selling ringtones."  (Id.)  The undersigned's prior

16   order explained plaintiff's failure to "explain what 'Luminous Lyrics' is, or how selling the

17   ringtones violated the copyright."  (Id.)  The undersigned noted that, while "an exhibit to

18   plaintiff's complaint indicates that 'Luminous Lyrics' is a collection of song lyrics; assuming this

19   is correct, plaintiff does not identify which particular lyrics were allegedly used in the ringtones,

20   fails to identify the ringtones themselves, and fails to indicate where or when the ringtones were

21   sold.  (Id.)  There are no allegations describing the copyrighted material, how defendant allegedly

22   used that material, or when the use(s) occurred."  (Id.)

23        B.    Second Amended Pleading Largely Replicates Prior Pleading

24        Plaintiff's SAC is by and large the same as the previous pleading and suffers from

25   the same defects.  (Compare Dkt. No. 5 with SAC, Dkt. No. 33.)  Plaintiff appears to have made

26   some minor changes to the allegations in the SAC, but these minimal changes fail to remedy the

1    defects described in the undersigned's prior order.  For instance, the SAC now repeatedly refers

2    to "LUMINOUS LYRICS" as a "Copyright Trade Name" instead of an "Original Expression."

3    (Compare Dkt. No. 5 with SAC, Dkt. No. 33.)  This change merely adds to the confusion,

4    however, because it inexplicably blends two concepts: that of a "copyright" and that of a "trade

5    name."  Plaintiff also alleges that "LUMINOUS LYRICS" is "a BUSINESS," and, confusingly, a

6    collection of "song lyrics." (SAC at 4.)  Plaintiff also continues to use the vague and sweeping

7    term "original expression" in connection with "LUMINOUS LYRICS."  (Id.)  The SAC also

8    makes a reference "LUMINOUS LYRICS" being "displayed" on two compact discs, as well as

9    reference to "LUMINOUS LYRICS" being "published" by something called "HIDDEN

10   UNIVERSITY."  (Id.)  In short, plaintiff's amended pleading continues to obscure precisely what

11   is "LUMINOUS LYRICS."

12          There are other similarities between the two pleadings.  The SAC again alleges

13   that the "Copyright Trade Name LUMINOUS LYRICS was illegally extracted from a filing

14   system that is shared with go.daddy.com and then REGISTERED as a domain name by

15   defendant."  (SAC at 2.)  The SAC alleges that "due to the illegal extraction of the defendant

16   there has been revenue generated by the selling of RING TONES without the written permission

17   of the author of LUMINOUS LYRICS."  (Id.)

18          But just as with the prior pleading, *how* defendant is alleged to have misused

19   "LUMINOUS LYRICS" is not clearly alleged.  Even assuming that "LUMINOUS LYRICS"

20   takes the form of song lyrics, and even assuming that defendant is alleged to have used those

21   lyrics in ring tones sold for profit, plaintiff does not identify *which* particular lyrics were

22   allegedly used in the ringtones and fails to identify the ringtones themselves.

23          Plaintiff's sweepingly vague allegation that something called "LUMINOUS

24   LYRICS" — be it a song title, song lyrics, or a "trade name" — was somehow infringed upon by

25   way of defendant's ringtones fails to put defendant on notice as to the copyright claim.  Again,

26   "[t]o establish infringement of a copyright, two elements must be proven: (1) ownership of a

1  valid copyright, and (2) copying of constituent elements of the work that are original." <u>Feist</u>, 499

2  U.S. at 361; <u>accord</u> <u>Benay</u>, 607 F.3d at 624; <u>Four Navy Seals</u>, 413 F. Supp. 2d at 1148 (granting

3  a motion for a more definite statement where complaint failed to put defendants on notice of

4  "exactly which works" were infringed upon and when the works were registered.)

5       In <u>Four Navy Seals</u>, the district court explained that "[m]erely asserting that, of

6  1800 photographs in Jane Doe's 'smugmug' account, at least one unidentified photograph has

7  been copyrighted by an unidentified 'NAVY SEAL ONE' and was distributed by Defendants

8  does not put Defendants or the Court on sufficient notice of the copyright claim.  The Complaint

9  does not identify exactly which works Defendants infringed, and Plaintiffs have not indicated

10  when the works were registered." <u>Four Navy Seals</u>, 413 F. Supp. 2d at 1148.

11       Here, similar to <u>Four Navy Seals</u>, the SAC does not identify exactly which works

12  defendant allegedly infringed — indeed, the SAC does not even clearly describe what is

13  "Luminous Lyrics." <u>See</u> <u>id</u>.  On the SAC's current wording, "Luminous Lyrics" might be any of

14  the following: lyrics to a song or multiple songs, a collection of song lyrics, a trade name, a

15  business, an image, or perhaps some amalgamation of these things.  Similarly, as currently

16  worded, the SAC's sweeping "ringtone" and "domain name" allegations fail to give defendant

17  notice of its alleged misconduct in connection with selling ringtones and/or using a domain

18  name.  The allegations at the heart of plaintiffs' pleading remain uncertain.  Accordingly,

19  defendant's Motion is granted.

20       C.   <u>Plaintiff's Opposition Clarifies That "Luminous Lyrics" Is A Trade Name, So
             Plaintiff's Copyright Claim Fails As A Matter Of Law</u>

21

22       Despite the obscure nature of plaintiff's SAC, however, the Opposition that

23  plaintiff filed in response to defendant's Motion clarifies that "LUMINOUS LYRICS" is actually

24  a business trade name.  (Opp'n at 1-3.)  Specifically, plaintiff clarifies that "LUMINOUS

25  LYRICS" is a "trade name . . . which is in fact a DEVELOPING Record Label."  (Opposition at

26  1.)  Plaintiff also clarifies that he "staked claim upon the name LUMINOUS LYRICS for his

8

choice of business which is in fact MUSIC." (Id. at 2.)  Plaintiff further explains that defendant's

ringtones are being sold "under the Registrated [sic] name LUMINOUS LYRICS without the

written permission of the author."  (Id.)

Defendant argues that the SAC does not state a copyright claim as a matter of law

given that plaintiff's Opposition clarifies that "LUMINOUS LYRICS" is a business trade name,

and that trade names are not copyrightable as a matter of law.  (Reply at 2.)  Defendant's

argument is well-taken.  As defendant notes, "words and short phrases such as names, titles, and

slogans" fall under the heading of "[m]aterial not subject to copyright."  37 C.F.R. § 202.1(a).

While the Copyright Office regulation 37 C.F.R. § 202.1(a) "does not have the force of statute, it

is a fair summary of the law."  CMM Cable Rep, Inc. v. Ocean Coast Properties, Inc., 97 F.3d

1504, 1520 n.21 (1st Cir. 1996).  Titles, short phrases, and names are not copyrightable.  Trenton

v. Infinity Broadcasting Corp., 865 F. Supp. 1416, 1426 -1427 (C.D. Cal.1994) (citing 37 C.F.R.

§ 202.1(a); Shaw v. Lindheim, 919 F.2d 1353, 1362 (9th Cir.1990)).  The name "LUMINOUS

LYRICS" is not subject to copyright as a matter of law, and therefore cannot serve as the basis

for a copyright action.  Accordingly, defendant's Motion is granted.

> D.  Plaintiff's Opposition Clarifies Some Factual Allegations And Suggests That
>     Leave To Amend May Not Be Futile

Although the undersigned finds that the SAC does not state a copyright claim as a

matter of law, the undersigned must consider plaintiff's Opposition when determining whether to

dismiss the SAC with prejudice.  See Schneider, 151 F.3d at 1197 n.1; Broam, 320 F.3d at 1026

n.2; Lopez, 203 F.3d at 1130-31.  Where amendment would be futile, no opportunity to amend

need be provided.  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (holding that

a proposed amendment to a complaint is futile "if no set of facts can be proved under the

amendment to the pleadings that would constitute a valid and sufficient claim or defense").  The

undersigned will not dismiss this action entirely given plaintiff's representations within his

Opposition.  (Opp'n at 1-3.)  Plaintiff's framing of his claim as one for "Copyright Infringement"

1  notwithstanding, the Opposition suggests that plaintiff may have actually intended to allege a

2  *trademark* claim.

3         A plaintiff is required to plead claims for relief — not statutes or legal theories —

4  and therefore plaintiff's framing his claims as under "copyright" law should not necessarily result

5  in the dismissal of his action.  See Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir. 2008) ("Notice

6  pleading requires the plaintiff to set forth in his complaint *claims for relief*, not causes of action,

7  statutes or legal theories.") (emphasis in original); Bautista v. Los Angeles County, 216 F.3d 837,

8  840 (9th Cir. 2000) (a claim is the "aggregate of operative facts which give rise to a right

9  enforceable in the courts.").  Here, it is not clear that plaintiff should be penalized for narrowly

10  framing his case as one for "Copyright Infringement."  After all, plaintiff proceeds without

11  counsel in this action, and the court is required to construe pro se pleadings liberally.  See Lopez,

12  203 F.3d at 1130-31.  Plaintiff's Opposition has clarified that this action arises from defendant's

13  unlawfully selling ringtones under the trade name "LUMINOUS LYRICS," a name plaintiff

14  suggests he has "staked claim upon."  (See Opp'n at 1-3.)  The Opposition suggests that plaintiff

15  is the original author of the trade name "LUMINOUS LYRICS," which is the name of plaintiff's

16  developing record label, and that defendant is doing business under that name without

17  permission.  (Opp'n at 1-3.)  Accordingly, while the undersigned finds that plaintiff cannot state

18  a copyright claim as a matter of law, the undersigned declines to dismiss this action in its

19  entirety.  The allegations within plaintiff's Opposition reveal that plaintiff *may* actually intend to

20  bring a trademark claim rather than a copyright claim, and that plaintiff *may* be able to remedy

21  his pleading's factual shortcomings by injecting the allegations within his Opposition into an

22  amended pleading.

23         Given plaintiff's pro se status, the undersigned addresses the essential contours of

24  a trademark infringement claim here.  "To prevail on a claim of trademark infringement under

25  the Lanham Act, 15 U.S.C. § 1114, a party must prove: (1) that it has a protectable ownership

26  interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer

1 confusion." <u>Network Automation, Inc. v. Advanced Sys. Concepts, Inc.</u>, 638 F.3d 1137, 1144

2 (9th Cir. 2011) (citation and quotation marks omitted).  As a threshold matter concerning

3 ownership of a mark, however, "the party claiming ownership must have been the first to actually

4 use the mark in the sale of goods or services." <u>Rearden LLC v. Rearden Commerce, Inc.</u>, 683

5 F.3d 1190, 1203 (9th Cir. 2012) ("It is axiomatic in trademark law that the standard test of

6 ownership is priority of use.  To acquire ownership of a trademark it is not enough to have

7 invented the mark first or even to have registered it first; the party claiming ownership must have

8 been the first to actually use the mark in the sale of goods or services.").

9        Whether a plaintiff's trademark is valid and protectible depends on the mark's

10 "distinctiveness," which "measures the primary significance of the mark to the purchasing

11 public." <u>Zobmondo Entmt., LLC v. Falls Media, LLC</u>, 602 F.3d 1108, 1113 (9th Cir. 2010)

12 (citation and quotation marks omitted).  "Marks are generally classified in one of five categories

13 of increasing distinctiveness: (1) generic, (2) descriptive, (3) suggestive, (4) arbitrary, or (5)

14 fanciful."[4] <u>Id.</u>  "Which category a mark belongs in is a question of fact." <u>Id.</u>  "Although the

15 plaintiff in a trademark action bears the ultimate burden of proof that his or her mark is valid,

16 federal registration provides 'prima facie evidence' of the mark's validity and entitles the

17 plaintiff to a 'strong presumption' that the mark is a protectable mark." <u>Id.</u>

18 

19     [4]  In <u>Zobmondo Entertainment, LLC</u>, the Ninth Circuit summarized the categories of
20 distinctiveness as follows:

21     Suggestive, arbitrary, and fanciful marks are considered "inherently
    distinctive" and are automatically entitled to federal trademark protection
22     because "their intrinsic nature serves to identify a particular source of a
    product."  Generic marks are not eligible for trademark protection.  Merely
23     descriptive marks are somewhere in-between; although they are not
    inherently distinctive and are therefore not entitled to automatic trademark
24     protection, a merely descriptive mark can become protectable if it has
    acquired distinctiveness "as used on or in connection with the applicant's
    goods in commerce."  15 U.S.C. § 1052(f).  This acquired distinctiveness
25     is referred to as "secondary meaning."

26 <u>Zobmondo Entmt., LLC</u>, 602 F.3d at 1113 (citations omitted).

1          In regards to consumer confusion, the Ninth Circuit Court of Appeals evaluates

2   the likelihood of consumer confusion with reference to a non-exhaustive list of factors

3   sometimes referred to as the "Sleekcraft factors."  Those factors, which "are intended as an

4   adaptable proxy for consumer confusion, not a rote checklist," consist of:  "[1] strength of the

5   mark; [2] proximity of the goods; [3] similarity of the marks; [4] evidence of actual confusion;

6   [5] marketing channels used; [6] type of goods and the degree of care likely to be exercised by

7   the purchaser; [7] defendant's intent in selecting the mark; and [8] likelihood of expansion of the

8   product lines."  Network Automation, Inc., 638 F.3d at 1145 (modification in original) (quoting

9   AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir. 1979)).

10         Accordingly, plaintiff's SAC is dismissed, but plaintiff shall have leave to file an

11  amended pleading.  The amended pleading shall *not* include a claim for "Copyright

12  Infringement" for the reasons stated above; however, the amended pleading should include the

13  clarifying factual allegations plaintiff expressed within his Opposition (Opp'n at 1-3), as well as

14  factual allegations supporting a trademark claim if plaintiff intends to bring one.[5]  Plaintiff is

15  cautioned that his Opposition does not itself effectively amend his pleading.[6]  Plaintiff must file a

16  new pleading, entitled "Third Amended Complaint," that includes the above-described factual

17  allegations that were expressed in his Opposition, clarifies exactly how defendant's "ringtones"

18  _____

19     [5]  Should plaintiff's amended pleading continue to include a copyright claim, the
    undersigned will recommend that that claim be dismissed with prejudice for the reasons stated
20  herein.

21     [6]  Plaintiff is informed that the court cannot refer to prior pleadings in order to make an
    amended complaint complete.  Local Rule 220 requires that an amended complaint be complete
22  in itself.  This requirement is because, as a general rule, an amended complaint supersedes the
    original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint
23  supersedes the original, the latter being treated thereafter as non-existent.").  Accordingly, once
    plaintiff files an amended complaint, the original no longer serves any function in the case.
24  Defendants not named in an amended complaint are no longer defendants.  Ferdik v. Bonzelet,
    963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment the original pleading no longer performs
25  any function and is "treated thereafter as non-existent."  Id.  "If a plaintiff fails to include
    dismissed claims in an amended complaint, the plaintiff is deemed to have waived any error in
26  the ruling dismissing the prior complaint."  New York City Employees' Retirement System v.
    Jobs, 593 F.3d 1018, 1024-25 (9th Cir. 2010).

are sold under the name "LUMINOUS LYRICS" and explains defendant's alleged connection to the domain name "www.luminouslyrics.com." *This will be plaintiff's final opportunity to properly allege facts that explain exactly what "LUMINOUS LYRICS" is and how it was allegedly used in connection with defendant's ringtone(s).* For instance, does plaintiff allege that defendant is currently operating a business under the name "LUMINOUS LYRICS?" The amended pleading should also include factual allegations to support each legal element of a trademark claim, if plaintiff intends to bring such a claim.

Plaintiff's amended pleading should include written factual allegations satisfying the above criteria and giving defendant notice of its allegedly wrongful conduct; plaintiff should not simply attach documents as exhibits to the pleading and expect those documents to suffice. The court declines to pore over pages of attachments in efforts to cobble together the nature of plaintiff's claim; claims and the factual allegations underlying them must appear in the form of a short and plain statement in the text of the pleading. *If plaintiff fails to amend his pleading in compliance with this order, the undersigned will recommend that plaintiff's action be dismissed. Plaintiff will have had multiple opportunities to amend his pleading, and the undersigned will have repeatedly instructed plaintiff regarding the information that must be included in the amended pleading.*

IV.          <u>OTHER PENDING MOTIONS</u>

The undersigned addresses both plaintiff's "Motion to Request Judgment and Relief" (Dkt. No. 43) and plaintiff's "Motion to Amend Motion to Request Ruling Due To Newly Discovered Evidence." (Dkt. No. 44.) Neither motion was filed in accordance with any rule of litigation procedure.

The "Motion to Request Judgment and Relief" appears to request entry of judgment in plaintiff's favor. (Dkt. No. 43) The "motion" is only a few sentences long, and apparently seeks entry of judgment "[d]ue to [d]efendant[']s Reply" brief and "[d]ue to [d]efendant[']s Request for Judicial [N]otice. (<u>Id</u>. at 2.) Plaintiff does not explain how

1    defendant's Reply briefing and/or Request for Judicial Notice supports entry of judgment in his

2    favor.  In any event, this action has not yet surpassed the pleading stage and no pleading is yet "at

3    issue," so entry of judgment upon such pleading is not appropriate.  Accordingly, the "Motion to

4    Request Judgment and Relief" is denied.

5           The "Motion to Amend Motion to Request Ruling Due To Newly Discovered

6    Evidence" (Dkt. No. 44) is two sentences long and appears to seek to amend his pleading to

7    include a newspaper article about copyrights.  (Exh. A to Dkt. No. 44.)  Absent more

8    explanation, a newspaper article about copyrights does not constitute "evidence" of plaintiff's

9    case that might be appropriate to attach to a pleading.  It is also possible that plaintiff intended

10   this motion to serve as a request to have the newspaper article judicially noticed in connection

11   with his Opposition.  Plaintiff has not explained how such article might meet the requirements of

12   Federal Rule of Evidence 201, which governs judicially noticeable materials, and in any event,

13   the undersigned denies the request given that the undersigned did not find it necessary to

14   examine extrinsic materials in connection with this order.  The motion is denied.

15   V.         CONCLUSION

16          Based on the foregoing, the undersigned dismisses plaintiff's complaint, but

17   grants plaintiff leave to amend his pleading to address the deficiencies noted above.  Plaintiff

18   shall file an amended complaint that complies with Federal Rule 8 and corrects the deficiencies

19   addressed herein.  Lopez, 203 F.3d at 1126-27 (district courts must afford pro se litigants an

20   opportunity to amend to correct any deficiency in their complaints).  Plaintiff's amended

21   pleading must allege facts to state a plausible claim for relief.  Iqbal, 129 S. Ct. at 1949; Moss v.

22   U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

23          For the reasons stated above, IT IS HEREBY ORDERED that:

24          1.        Defendant's Motion to Dismiss (Dkt. No. 35) is granted, and pursuant to

25   Federal Rules of Civil Procedure 8(a) and 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), plaintiff's

26   complaint is dismissed with leave to amend.  *If plaintiff fails to amend his pleading in compliance*

*with this order, the undersigned will recommend that plaintiff's action be dismissed.*  Plaintiff's amended pleading must:

        (a)    include the above-described factual allegations that were expressed in his Opposition;

        (b)    explain exactly <u>what</u> is "LUMINOUS LYRICS";

        (c)    clarify plaintiff's "ringtone" allegations, including explaining <u>how</u> "LUMINOUS LYRICS" was allegedly used in connection with the sale of ringtone(s);

        (d)    explain <u>how</u> defendant's "ringtones" are sold using the name "LUMINOUS LYRICS" and describe defendant's alleged improper conduct in connection therewith.  For instance, does plaintiff allege that defendant is currently operating a business under the name "LUMINOUS LYRICS?"

        (e)    clarify plaintiff's "domain name" allegations, including explaining defendant's alleged connection to the domain name "www.luminouslyrics.com" and describing defendant's alleged improper conduct in connection therewith;

        (f)    include plausible factual allegations supporting each legal element of a trademark claim, if plaintiff intends to bring such a claim;

        (g)    include written factual allegations giving defendant notice of its allegedly wrongful conduct.  Plaintiff should not simply attach documents as exhibits to the pleading and expect those documents to suffice.  Claims and the factual allegations underlying them should appear in the form of a short and plain statement in the text of the pleading itself;

        (h)    *not* include a claim for "Copyright Infringement," given that as described above, such a claim cannot arise from a trade name.  Inclusion of a copyright claim will result in a recommendation that the claim be dismissed with prejudice.

        2.    Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that is complete in itself.  The amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint."  Plaintiff

must file an original and two copies of the amended complaint.  Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3.     The undersigned cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed.  See Fed. R. Civ. P. 41(b); E.D. Local Rules 110, 183(a); see Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

4.     Plaintiff's "Motion to Request Judgment and Relief" (Dkt. No. 43) and plaintiff's  "Motion to Amend Motion to Request Ruling Due To Newly Discovered Evidence" (Dkt. No. 44) are both denied.

IT IS SO ORDERED.

DATED:     September 6, 2012


KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE