IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL K. CHESTANG, *et al.*,

    Plaintiffs,

vs.

YAHOO!, INC.,

    Defendant.

               /

No. CIV 2:11-cv-0989 MCE AC PS

<u>FINDINGS & RECOMMENDATIONS</u>

Plaintiff, proceeding pro se and in forma pauperis, filed the operative third amended complaint on September 25, 2012.[1] Presently pending before the court is defendant Yahoo!, Inc.'s ("Yahoo") October 10, 2012 motion to dismiss. Plaintiff opposes the motion. On review of the motion, the documents filed in support and opposition, and good cause appearing, THE COURT FINDS AS FOLLOWS:

////

---

[1] Though styled as an action brought by Daniel Chestang and Tiffany Vigil-Sainson, only Chestang's signature appears on the pleadings. <u>See</u>, <u>e.g.</u>, Doc. Nos. 49, 51. Because "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented," Fed. R. Civ. P. 11(a), the undersigned shall proceed in this matter with reference to Chestang only because only he is properly before the court.

1

FACTUAL ALLEGATIONS

To the extent that the court can decipher the third amended complaint ("TAC"), plaintiff appears to accuse Yahoo of infringing on plaintiff's copyrighted work, "LUMINOUS LYRICS," in violation of the Copyright Act, 17 U.S.C. §§ 101 *et seq.* It is impossible to determine from the TAC what exactly "LUMINOUS LYRICS" is. It is variously described as an "Original Authored Literary, Musical, Pictorial, or Graphic Expression," TAC at 1; a business entity created to sell or lease original song lyrics, id. at 2; "Music Sound Recordings Song Lyrics," id. at 3; an "Original Expression," id. at 6; a "Business of Trade in the Music Entertainment Industry," id.; and a collection of song lyrics, see id., Attach. (Doc. No. 49 at 8-9). Whatever its precise nature, plaintiff claims he used its creation to develop a music recording label that has produced two music albums displaying a graphic unique to "LUMINOUS LYRICS."

As to Yahoo's allegedly infringing conduct, the TAC is even more confusing. While at one point plaintiff accuses Yahoo of "illegally allow[ing] an unknown customer of theirs to purchase and HOST LUMINOUS LYRICS as a Domain Name and establish a Business of Trade that infringes upon the Plaintiffs Music entertainment," plaintiff does not identify or describe the website allegedly violating plaintiff's rights, or even whether Yahoo is or was aware of this allegedly infringing website. Plaintiff then asserts that:

> . . . the illegal Business of trade in Music Entertainment by defendant would/could confuse customers where Defendant sells "RING TONES" on their site which are songs released by various artists in order to promote their Music Sound Recordings Albums to generate revenue while paying the HOST for its service of reaching potential fans of their Music they produce to the public.

TAC at 4; and

> . . . that revenue generated by the Defendant who HOSTS VARIOUS ARTISTS is in fact an infringement where LUMINOUS LYRICS WAS CREATED AND Registered to HOST the ORIGINAL AUTHORS OWN SONG LYRICS to sell or lease which are UNIQUELY LUMINOUS to the Industry of Music Entertainment.

Id. at 5. These and other vague allegations constitute the entirety of the TAC. Without

explaining what "LUMINOUS LYRICS" is or how Yahoo infringed on plaintiff's copyright, the court cannot say what precisely plaintiff is accusing Yahoo of doing in violation of copyright law. The TAC thus leaves a number of questions unanswered: Is "LUMINOUS LYRICS" a copyrighted work or a trademark? How did Yahoo infringe on plaintiff's rights? To the extent "LUMINOUS LYRICS" refers to song lyrics, is plaintiff accusing Yahoo of using these lyrics in ring tones that are advertised on Yahoo's web pages? Is plaintiff accusing Yahoo of facilitating violations of plaintiff's intellectual property rights by non-party individuals? Is plaintiff accusing Yahoo of illegally reproducing its logo?

## RELEVANT PROCEDURAL BACKGROUND

The court incorporates by reference the history of this action as set forth in Magistrate Judge Kendall J. Newman's September 7, 2012 order dismissing plaintiff's second amended complaint ("SAC") with leave to amend.[2] See Doc. No. 48. There, on grant of Yahoo's November 16, 2011 motion to dismiss the SAC, Judge Newman determined that plaintiff cannot state a copyright claim as a matter of law based on averments made in plaintiff's opposition to Yahoo's motion that his claim was based in trademark law. See Doc. No. 48 at 10. Further based on these averments, Judge Newman dismissed the SAC and granted plaintiff leave to amend to state a claim for trademark infringement. Plaintiff was then given extensive direction as to what to include in the third amended complaint, which the court reproduces here:

  (a) include the [ ] allegations that were expressed in [plaintiff's] Opposition [to Yahoo's November 16, 2011 motion to dismiss];

  (b) explain exactly <u>what</u> "LUMINOUS LYRICS" is;

  (c) clarify plaintiff's "ringtone" allegations, including explaining <u>how</u> "LUMINOUS LYRICS" was allegedly used in connection with the sale of ringtone(s);

  (d) explain <u>how</u> defendant's "ringtones" are sold using the name "LUMINOUS LYRICS" and describe defendant's alleged improper conduct in connection therewith. For instance, does plaintiff allege that defendant

---

[2] This action was transferred to the undersigned on November 20, 2012. Doc. No. 54.

3

is currently operating a business under the name "LUMINOUS LYRICS?"

      (e)    clarify plaintiff's "domain name" allegations, including explaining defendant's alleged connection to the domain name "www.luminouslyrics.com" and describing defendant's alleged improper conduct in connection therewith,

      (f)    include plausible factual allegations supporting each legal element of a trademark claim, if plaintiff intends to bring such a claim;

      (g)    include written factual allegations giving defendant notice of its allegedly wrongful conduct. Plaintiff should not simply attach documents as exhibits to the pleading and expect those documents to suffice. Claims and the factual allegations underlying them should appear in the form of a short and plain statement in the text of the pleading itself;

      (h)    *not* include a claim for "Copyright Infringement," given that as described above, such a claim cannot arise from a trade name. Inclusion of a copyright claim will result in a recommendation that the claim be dismissed with prejudice.

Doc. No. 48 at 14-15. Plaintiff was informed that failure to comply with the order would result in a recommendation to dismiss this action with prejudice.

On September 25, 2012, plaintiff filed the instant TAC. Yahoo has again moved for dismissal on the ground that plaintiff fails to state a claim.

DISCUSSION

The court will not belabor the point that plaintiff's TAC does not comply with the directive provided in the September 7, 2012 order or with the Federal Rules of Civil Procedure. In short, despite the court's finding that plaintiff's copyright claim fails as a matter of law, plaintiff has again based his claim on a violation of copyright law. Plaintiff has also again failed to provide critical information regarding his claim, including what "LUMINOUS LYRICS" is and how Yahoo infringed on plaintiff's rights. The court has therefore determined that the TAC does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt

4

acts which defendant engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the TAC must be dismissed.

A district court may "deny leave to amend due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009).  See also Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985) (dismissal with prejudice where plaintiffs failed to plead with the requisite particularity after "repeated opportunities"); O'Brien v. National Property Analysts Partners, 936 F.2d 674, 675-76 (2d Cir. 1991) (third amended complaint dismissed with prejudice).  A "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." In re Read-Rite Corp., 335 F.3d 843, 845 (9th Cir. 2003).

Plaintiff has now had three opportunities to state a claim and has even been provided with detailed instruction on how to state a claim for trademark infringement.  The court also warned that failure to file a complaint that complied with the pleading requirements of the Federal Rules of Civil Procedure will result in dismissal. Yet plaintiff's failure to adequately specify what defendant did has "persisted in every prior iteration of the [complaint]"). Metzler Inv. GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1072 (9th Cir. 2008).  The court thus finds that future amendment would be futile, and, accordingly, will recommend that the TAC be dismissed with prejudice.

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant's October 10, 2012 motion to dismiss be granted; and

2. Plaintiff's September 25, 2012 third amended complaint be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 95 1 F.2d 1153 (9th Cir. 1991).

DATED: December 6, 2012.

/s/ Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;ches0989.mtd